# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARCUS P. SNYDER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 11-0582-CV-W-ODS-P |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS

Petitioner, a convicted state prisoner currently confined at the South Central Correctional Center in Licking, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 conviction and sentence for first degree robbery and first degree burglary, which was entered in the Circuit Court of Jackson County, Missouri. Petitioner raises two grounds for relief regarding the guilty plea he entered at his trial. Respondent contends that Ground One is without merit and that Ground Two is procedurally defaulted and, alternatively, is without merit. Petitioner failed to file a reply to respondent's response as directed in this Court's August 4, 2011, Order (Doc. No. 9).

## FACTUAL BACKGROUND

In affirming the motion court's denial of petitioner's Rule 24.035 motion, the Missouri Court of Appeals, Western District, set forth the following facts:

> On September 5, 2007, Appellant was charged with one count of robbery in the first degree, § 569.020; one count of burglary in the first degree, § 569.160; and two counts of armed criminal action, § 571.015. On April 2, 2008, pursuant to a plea agreement with the State, Appellant appeared before the circuit court and entered a plea of guilty to the robbery and burglary charges. In exchange for his plea, the State agreed to dismiss the armed criminal action counts, to recommend a cap on his sentences at fifteen years, and to recommend that his sentences be served concurrently

with each other and with the sentences imposed in three other cases.

After questioning Appellant about his understanding of the plea agreement and the rights he would be waiving, the circuit court determined that Appellant's plea was knowingly, intelligently, and voluntarily entered and accepted the plea. On May 7, 2008, the circuit court sentenced Appellant consistently with the plea agreement to concurrent terms of fifteen years on the robbery count and ten years on the burglary count. The court ordered that those sentences also be served concurrently with Appellant's three other sentences. On May 9, 2008, Appellant was delivered into the custody of the Missouri Department of Corrections.

. . . .

In his sole point on appeal, Appellant claims that the motion court erred in denying his motion without an evidentiary hearing. He claims that the record did not refute his contention that counsel had been ineffective in promising that he would be released on probation after completing a 120-day treatment program.

Respondent's Exhibit E, pp. 1-3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND ONE**

In Ground One, petitioner asserts a claim for ineffective assistance of trial counsel in that

---

[1]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2

counsel induced petitioner's guilty plea by promising that, if petitioner plead guilty, petitioner would be released on probation after he completed 120 days of drug treatment, regardless of the sentence he received. Doc. No. 1-1, pp. 3-4. Petitioner alleges that he would not have plead guilty and would have insisted on going to trial if counsel had not made the promise. Doc. No. 1-1, p. 4. The Missouri Court of Appeals, Western District, denied Ground One as follows:

> Appellate review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Hastings v. State, 308 S.W.3d 792, 795-96 (Mo. App. W.D. 2010) (quoting Rule 24.035(k)). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." Gehrke, 280 S.W.3d at 56-57.
>
> "To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and that he was thereby prejudiced." Jones v. State, 211 S.W.3d 210, 213 (Mo. App. S.D. 2007) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). "When a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made." Id. "In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." Copas v. State, 15 S.W.3d 49, 54 (Mo. App. W.D. 2000). "A movant is entitled to an evidentiary hearing when: (1) facts, not conclusions, are pleaded that warrant relief; (2) the record does not refute the facts; and (3) movant was prejudiced." Forrest v. State, 290 S.W.3d 704, 715-16 (Mo. Banc 2009).
>
> The motion court determined that Appellant's claim that he reasonably relied on assurances by counsel that he would be placed in a 120-day drug treatment program and then released on probation was refuted by the record. The transcript of the plea hearing reflects that Appellant was extensively questioned about his understanding of the plea agreement and the rights he would be waiving. Appellant acknowledged that under the plea agreement his possible sentences were to be capped at fifteen years and that those sentences were to be served concurrently with each other, with his sentence on a separate stealing charge, and with two other sentences for which he had been on probation. Appellant stated his understanding that that the judge could sentence him to fifteen years imprisonment or something less than that. Appellant testified that no other promises had been made to him to induce him to plead guilty. No mention of a drug problem, drug treatment, or a 120-day callback was made at the plea hearing. The

3

trial court did not clearly err in finding that the record refuted Appellant's claims that counsel promised that he would be placed in a drug treatment plan and released or that he could not have reasonably relied upon such a representation. See Stubbs v. State, 171 S.W.3d 139, 143 (Mo. App. W.D. 2005). Point denied.

Respondents Exhibit E, pp. 8-10.

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual ineffectiveness' as defined in Strickland, 466 U.S. at 687, and that he 'pleaded guilty as a direct consequence of his counsel's erroneous advice and. . . but for this advice, the outcome of the plea process would have been different.'" Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992) (citing Garmon v. Lockhart, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). During petitioner's plea hearing, petitioner acknowledged

4

knowing the range of punishment on the two counts to which he was pleading guilty, and he acknowledged that no other promises had been made to him other than the promises contained in petitioner's plea agreement with the State. Respondent's Exhibit A, pp. 14-16. The Missouri Court of Appeals, Western District, relied on petitioner's statements at the plea hearing in finding that petitioner failed to show that the trial court erred in finding that the record refuted petitioner's claims. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), petitioner's claim of ineffective assistance of trial counsel, Ground One, will be denied.

## GROUND TWO

In Ground Two, petitioner asserts that his guilty plea was not entered knowingly, intelligently, and voluntarily, because it was induced by petitioner's fear of going to trial with an unprepared attorney. Doc. No. 1-1, p. 7. Petitioner claims that counsel rarely met with him until the last week before the date scheduled for trial and that trial counsel told petitioner that petitioner was likely to be convicted and sentenced to thirty years if he went to trial. Id. Respondent argues that Ground Two is procedurally defaulted and, alternatively, is without merit. Doc. No. 8, pp. 6-12.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id. Petitioner admits that he procedurally defaulted Ground Two by failing to include the claim on the appeal of his Rule 24.035 motion. Doc. No. 1-1, p. 9; Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of

5

direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner contends that his claim was procedurally defaulted because the Missouri State Legislature refused to provide petitioner's post-conviction counsel with the funds and resources needed to properly represent petitioner and also refused to decrease petitioner's attorney's caseload. Doc. No. 1-1, p. 10. Petitioner argues that the State, rather than his attorney, is responsible for his claim not being raised on appeal, and, therefore, his claim is distinct from a claim of ineffective assistance of post-conviction counsel. Id. In response, respondents argue that, despite petitioner's statements to the contrary, petitioner's claim is still a claim of ineffective assistance of counsel at its heart. Doc. No. 8, pp. 7-8.

If petitioner contends that ineffective assistance of Rule 24.035 appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Moreover, ineffective assistance of post-conviction counsel or post-conviction appellate counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997); see also Christenson v. Ault, 598 F.3d 990, 995-96 (8th Cir. 2010) ("there is no federal constitutional right to the effective assistance of post-conviction counsel") (citation omitted).

Furthermore, regardless of whether petitioner may state a claim of ineffective assistance of

post-conviction counsel, petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See <u>Abdi v. Hatch</u>, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), <u>cert. denied</u>, 549 U.S. 1036 (2006). As a result, Ground Two is procedurally defaulted and will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice

      /s/ Ortrie D. Smith
      ORTRIE D. SMITH
      UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: September 28, 2011.